# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-07724 |
| SPRINGHILL PARTNERS, | ) | |
| | ) | Hon. Donald R. Cassling |
| Debtor. | ) | Hearing Date:  March 31, 2015 |
| | ) | Hearing Time:   9:30 a.m. |

## NOTICE OF MOTION

TO:    Attached Service List

**PLEASE TAKE NOTICE** that on **March 31, 2015 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Donald R. Cassling, Bankruptcy Judge, Courtroom 619 in the Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois and present the **Trustee's Motion To Approve Sale of Personal Property Free and Clear of Liens, Claims and Interests and Related Relief**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleadings.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Richard M. Fogel
> Shaw Fishman Glantz & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151  telephone
> (312) 980-3888  facsimile

## CERTIFICATE OF SERVICE

Richard M. Fogel, an attorney, certifies that he caused to be served upon the persons listed a true copy of the above and foregoing notice and attached pleading upon the Electronic Mail Notice List through the ECF System which sent notification of such filing via electronic means or, as indicated, by first class U.S. Mail from 321 N. Clark Street, Chicago, IL  60654 on March 10, 2015.

> */s/ Richard M. Fogel*

# *In re Springhill Partners*, Case No. 13-07724
## Service List

### Electronic Mail Notice List

- Richard M. Fogel — rfogel@shawfishman.com
- John Guzzardo — jguzzardo@shawfishman.com
- Ryan O. Lawlor — Ryan.Lawlor@bryancave.com
- John C. Leininger — John.Leininger@bryancave.com
- Linda Spak — attorneyspak@yahoo.com
- Jeffrey Strange — jstrangelaw@aol.com
- Patrick S. Layng — USTPRegion11.es.ecf@usdoj.gov
- Denise A. DeLaurent — USTPRegion11.es.ecf@usdoj.gov
- Anthony G. Baronet — abarone@baronejenkins.com
- Adam J. Glazer — adam.glazer@sfnr.com
- David S. Makarski — david.makarski@snfr.com

### Manual Notice List (Via U.S. Mail, First-Class, Postage Prepaid)

John and Claire Livaditis
16 E. Willow Rd.
Prospect Heights, IL  60070

Vernetta and Charles Dupree, Jr.
533 Kenmore Dr.
Petersburg, VA  23805-2547

JM Partners LLC
Attn:  John Marshall
6800 Paragon Place, Suite 202
Richmond, VA  23230-1656

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-07724 |
| SPRINGHILL PARTNERS, | ) | |
| | ) | Hon. Donald R. Cassling |
| Debtor. | ) | Hearing Date:   March 31, 2015 |
| | ) | Hearing Time:   9:30 a.m. |

**TRUSTEE'S MOTION TO APPROVE SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND RELATED RELIEF**

Pursuant to 11 U.S.C §§ 105 and 363 and Fed. R. Bankr. P. 2002, 6004, 9007 and 9014, Richard M. Fogel, not individually, but as chapter 7 trustee ("Trustee") of Springhill Partners (the "Debtor"), hereby requests that this Court enter an order: (a) authorizing the sale of the Debtor's right, title and interest in and to a certain Deed of Trust Note and Deed of Trust (Mortgage), described below, free and clear of liens, claims and interests and providing related relief (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

**BACKGROUND**

1. On February 27, 2013 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Illinois, commencing the above-captioned bankruptcy case (the "Case").

2. On August 27, 2013, the Case was converted to a case under chapter 7 of the Bankruptcy Code and, on that date, Trustee was appointed as the Chapter 7 trustee for the Debtor's bankruptcy estate (the "Estate").

3. This Court has core subject matter jurisdiction to hear and resolve this Motion pursuant to 28 U.S.C. §§ 1334(b), 1334(e), 157(b)(2)(A), 157(b)(2)(M) and 157(b)(2)(N) and

{10527-001 MOT A0399877.DOC}

applicable local rules regarding the referral of cases under title 11 of the United States Code to this Court.

4. On the Petition Date, the Debtor was the owner of a certain Deed of Trust Note dated June 8, 1999 in the principal amount of $56,500.00 made by Venetta Dupree and Charles N. Dupree, Jr. (the "Duprees") in favor of Roger Willenbring and Chun Cha Willenbring (the "Willenbrings"), providing for monthly principal and interest payments in the amount of $539.95 (the "Note"), and the owner of a certain Deed of Trust (Mortgage) dated June 8, 1999, also executed by the Duprees (the "Deed of Trust"), which Deed of Trust was recorded in the Clerk's office in the City of Petersburg, Virginia, in Deed Book 616, Page 115 on June 11, 1999 as Instrument No. 990002523, and which relates to the following described real estate:

> All that certain lot or parcel of land, together with the improvements thereon, situate in a city of Petersburg (formally Rives Magisterial District, Prince George County), Virginia, known as designated lot number 12, in Block "B", on a Plat of Oakhurst, Section 4, a subdivision of said City made by LaPrade Bros., civil engineers, dated February 3, 1967, and recorded in the Clerk's office of the Circuit of Prince George County, Virginia, in Plat Book No. 14, at pages 132 and 133.
>
> Being the same property conveyed to Venetta C. Dupree and Charles N. Dupree, Jr., by deed from between Roger Willenbring and Chun Cha Willenbring, husband and wife, which deed was recorded simultaneously therewith.

5. The Debtor had acquired the Note and the Deed of Trust from the Willenbrings on or about September 19, 2002. The Note had a maturity date of $56,500.00. The Duprees last payment on the Note was made in October, 2013. At that time, the balance due on the Note was $41,921.86.

6. To the best of the Trustee's knowledge, the Note and the Deed of Trust are not subject to any liens, claims or interests.

{10527-001 MOT A0399877.DOC}    2

      7.      The Trustee has made a demand for payment on the Duprees but they have not responded to the Trustee.

      8.      On February 2, 2015, the Trustee placed a notice soliciting bids for the Note and the Deed of Trust on MarketAssetsForSale.com, a website sponsored by the National Association of Bankruptcy Trustees. The Trustee received inquiries from seven parties and received three initial offers. The Trustee then gave those parties an opportunity to submit higher and final offers.

      9.      Two of the three parties submitted higher offers. The highest offer, in the amount of $13,500.00, was submitted by JM Partners, LLC (the "Purchaser"). The Trustee and the Purchaser have negotiated and executed an Agreement for Sale and Purchase (the "Agreement"), subject to approval by the Court after notice to creditors and parties in interest. A copy of the Agreement is attached to the Motion as <u>Exhibit A</u>.

### RELIEF REQUESTED

      10.      By this Motion, the Trustee requests the entry of an order, substantially in the form of the proposed order attached to the Motion (the "Sale Order"), that approves the terms of the Agreement and authorizes the Trustee to sell the Debtor's right, title and interest in and to the Note and the Deed of Trust to Purchaser for the sum of $13,500.00, free and clear of any liens, claims and interests.

      11.      The Trustee requests that the Court deem the notice of the hearing on the Motion to be adequate under the circumstances.

      12.      Also, the Trustee requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h). Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Trustee requests that

any order authorizing him to sell the Note and the Deed of Trust be effective immediately by providing that the 14-day stay under Bankruptcy Rule 6004(h) does not apply.

13. Finally, the Trustee requests that the Court determine that Purchaser is acting in good faith, within the meaning of Section 363(m) of the Bankruptcy Code.

**BASIS FOR RELIEF REQUESTED**

14. The Trustee believes that the sale of the Debtor's right, title and interest in and to the Note and the Deed of Trust on the terms set forth in the Agreement represents the best opportunity under the existing circumstances to maximize the value of these assets for the Estate. The Trustee has reached this conclusion, based on the exercise of his business judgment, after considering the cost of litigation to enforce the Note and the Deed of Trust and the responses to his solicitation of bids. Accordingly, the Trustee respectfully submits that entry of the proposed Sales Order is in the best interests of the Estate and should be approved.

**SALE UNDER SECTION 363(B)(1) AND (F)**

15. Section 363(b)(1) authorizes a trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. 11 U.S.C. § 363(b)(1). "[T]he sale of substantially all of a debtor's assets is a transaction outside of the ordinary course of business, which requires bankruptcy court approval to become effective." *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 531 (3rd Cir. 1999).

16. Section 363(f) authorizes a trustee to sell property under subsection (b) free and clear of any interest in such property under certain circumstances. As set forth above, the Trustee is unaware of any party asserting a lien, claim or interest in and to the Note or the Deed of Trust and no creditor has filed a claim against the Estate asserting a lien, claim or interest in and to the Note or the Deed of Trust.

17. Courts generally approve sales outside of the ordinary course of business under § 363(b)(1) whenever such a sale is in the best interests of the estate. *See, In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994); *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988). Ordinarily, this standard requires: (i) an articulated business justification for the sale; and (ii) evidence that the sale occurred in good faith. *See, In re Shary*, 152 B.R. 724, 725 (Bankr. N.D. Ohio 1993), citing, *In re Met-L-Wood Corp.*, 861 F.2d 1012 (7th Cir. 1988), *cert. denied*, 490 U.S. 1006, 109 S. Ct. 1642, 104 L.Ed.2d 157 (1989)); *see also, Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under section 363 involves exercise of fiduciary duty and requires an "articulated business justification").

18. Additionally, courts generally require that adequate and reasonable notice of the sale be provided to interested parties, and that the purchase price be fair and reasonable. *See, In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Taylor*, 198 B.R. 142, 156-57 (Bankr. D. S.C. 1996); *In re Country Manor of Kenton, Inc.*, 172 B.R. 217, 220 (Bankr. N.D. Ohio 1994).

19. As set forth above, the Trustee believes that monetizing the Estate's interest in the Note and the Deed of Trust is a better course of action than suing the Duprees in Virginia and he conducted his sale process in good faith.

20. A copy of this Motion has been served on more than 21 days' notice on the attorneys for the Debtor, the U.S. Trustee, all counsel of record and creditors that have filed proofs of claim against the Estate, and other parties in interest. The Trustee submits that this notice is adequate and reasonable and that the proposed purchase price is fair and reasonable.

**SECTION 363(M) GOOD FAITH PURCHASER DESIGNATION**

21. Section 363(m) of the Bankruptcy Code, which pertains to a sale such as that proposed in this Motion, incorporates the term **"good faith."** Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property **in good faith**, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m) (emphasis added).

22. A good faith purchaser under Section 363(m) has been defined in the case law to mean "one who purchases in 'good faith' and for 'value.'" *Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997), citing, *Cumberland Farms Dairy, Inc. v. National Farmers' Org. (In re Abbotts Dairies of Penn., Inc.)*, 788 F.2d 143, 147 (3d Cir. 1986)); *see, Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992); *Badami v. Burgess (In re Burgess)*, 246 B.R. 352, 355-56 (B.A.P. 8th Cir. 2000).

23. As the United States Court of Appeals for the Seventh Circuit stated in *In re Rock Industries Machinery Corp.*, 572 F.2d 1195 (7th Cir. 1978), the "good faith" component of the test:

> speaks to the equity of [the bidder's] conduct in the course of sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

Id. at 1198; *see, Kabro Assocs.*, 111 F.3d at 276; *Mark Bell Furniture Warehouse, Inc. v. D.M. Reid Assocs. (In re Mark Bell)*, 992 F.2d 7, 8 (1st Cir. 1992); *In re Ewell*, 958 F.2d at 281.

24. The Trustee requests that the Court make a finding that: (i) Purchaser acted in good faith in submitting the bids for the Note and the Deed of Trust; (ii) the Trustee provided sufficient notice for entry of the Sale Order; and (iii) the sale price is fair and reasonable. In this respect, the Trustee will testify or make an offer of proof that the Purchaser has at all times in the sales process acted in good faith in order to enable the Court to designate the Purchaser as a good faith purchaser, as such term is used in Section 363(m).

WHEREFORE, the Trustee requests that this Court grant the relief requested in the Motion by entering the proposed Sale Order, and granting such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Richard M. Fogel, Chapter 11 trustee for the bankruptcy estate of SPRINGHILL PARTNERS

Dated: March 10, 2015                    By:  */s/ Richard M. Fogel*
                                              One of his attorneys

Richard M. Fogel
John W. Guzzardo
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151
Attorneys for the Trustee